﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 191228-51941
DATE: November 30, 2020

REMANDED

The issue of entitlement to service connection for fibromyalgia is remanded.

VETERANS CONTENTIONS

The Veteran contends that he has diagnosed with and treated for fibromyalgia. He further contends that his condition is as a result of his service in the South-West Asia theater of military operations, although he has not specified the reasons why he believes the two are related.

REASONS FOR REMAND

The Veteran served on active duty in the Army from September 1980, to December 1980; from September 2002, to February 2003; and from March 2005, to June 2006.

This matter comes before the Board of Veteran’s Appeals (Board) on appeal from a July 2019 rating decision by a Department of Veteran’s Affairs (VA) Regional Office (RO).

A rating decision was issued under the legacy system in June 2018. In November 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. However, during the higher level review a development error was discovered and the Veteran’s claim was assigned to the supplemental review lane for additional development. Subsequently, the agency of original jurisdiction (AOJ) issued a March 2019 supplemental rating decision, and the Veteran responded with a June 2019 request for higher level review. The AOJ issued a RAMP HLR decision in July 2019, which is the decision on appeal. 

In the December 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket.

Therefore, the Board may only consider the evidence of record at the time of the March 2019 RAMP supplemental claim decision. 38 C.F.R. § 20.301.

As noted above, the Veteran seeks service connection for fibromyalgia. Although there is no evidence of record of a diagnosis of fibromyalgia, the Veteran’s post service medical records and lay statements do reflect findings that may be attributable to fibromyalgia, including muscle weakness, paresthesias, depression, and anxiety. See September 2009 Lay Statement; January 2018 Private Medical Treatment Record; February 2019 C&P. 

The Veteran has been afforded one VA examination and opinion on this claim, in February 2019. At that time, a VA examiner determined that the Veteran did not meet the criteria for a diagnosis of fibromyalgia. The Board finds that opinion inadequate because it fails to provide a rationale, express the right degree of certainty, and is conclusory. See Combee v. Brown, 34 F.3d 1039, 1043-44 (Fed. Cir. 1994); Stefl v. Nicholson, 21 Vet. App. 120 (2007). Furthermore, the opinion does not consider all the relevant evidence of record, including lay statements. Nieves- Rodriguez, 22 Vet. App. at 304.

When VA undertakes to provide an examination for a claim of service connection, even if not statutorily obliged to do so, it must provide an adequate one or, at minimum, notify the Veteran why one will not or cannot be provided. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). A medical examination report must contain both a conclusion with supporting data, and a reasoned medical explanation connecting the two. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008).

As this inadequate examination was conducted prior to the decision on appeal, it constitutes a pre-decisional duty to assist error that requires remand for an adequate opinion that addresses the nature and etiology of the Veteran’s signs and symptoms.

The matters are REMANDED for the following action:

1. Schedule the Veteran for an appropriate examination to determine the nature and etiology of his claimed fibromyalgia. The examiner must review the entire claims file, including a copy of this remand.

The examiner should conduct all appropriate diagnostic testing. The examiner should then record all noted signs and reported symptoms, document all clinical findings, and provide a diagnosis if possible. If the diagnostic criteria for fibromyalgia are not met, the Board is particularly interested in the diagnoses to which the Veteran’s reported signs and symptoms may alternatively be attributed.

The examiner is asked to provide responses to the following:

A) Identify the Veteran’s objective indications of a disability.

“Objective indications” of a qualifying chronic disability include both objective evidence perceptible to an examining physician and other non-medical indicators that are capable of independent verification. 38 C.F.R. § 3.317(a)(3). Non-medical indicators include evidence such as time lost form work, the veteran having sought treatment for his symptoms, and change in the veteran’s appearance, physical abilities, and mental or emotional attitude. 60 Fed. Reg. 6661, 6663 (Feb. 3, 1995).

B) By history, physical examination, or laboratory testing, can the Veteran’s objective indications of a disability be attributed to a known clinical diagnosis?

If the signs and symptoms are not characteristic of a known clinical diagnosis, the examiner should so indicate. There is no requirement that the examiner provide a diagnosis of undiagnosed illness.

C) If the Veteran’s objective indications cannot be attributed to a known clinical diagnosis, is there affirmative evidence that the undiagnosed illness is not incurred during active service during the Persian Gulf War or that it was caused by a supervening condition or event that occurred since the Veteran’s departure from service during the Persian Gulf War?

The examiner should note that a positive response to this question requires affirmative evidence. The mere absence of evidence is not sufficient.

D) If the Veteran’s objective indications can be attributed to a known clinical diagnosis, is the etiology of the Veteran’s condition (1) inconclusive, (2) partially understood, or (3) fully understood?

This determination as to each must be based on the Veteran’s specific case and cannot be based on the etiology of the disease or disability population as a whole.

E) If the Veteran’s objective indications can be attributed to a known clinical diagnosis, is the pathophysiology of the Veteran’s condition (1) inconclusive, (2) partially understood, or (3) fully understood?

This determination as to each must be based on the Veteran’s specific case and cannot be based on the pathophysiology of the disease or disability population as a whole.

F) If both the etiology and pathophysiology are partially understood or fully understood, then is it at least as likely as not (a 50 percent or greater probability) that the Veteran’s diagnosed condition was incurred in, or is otherwise related to, [his/her] active service?

A complete rationale must be provided for all opinions expressed.

 

S.C. Krembs

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Z. Sloley, Associate Counsel.

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.